UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| CAT AND DOGMA, LLC,<br><br>        *Plaintiff*,<br><br>v.<br><br>TARGET CORPORATION,<br><br>        *Defendant*. | Case No. 1:19-cv-1002 LY |

**Defendant Target Corporation's Opposed Motion to Exclude
Proposed Expert Testimony of Valerie B. Cooper**

Defendant Target Corporation ("Target") respectfully submits this Motion to Exclude the Proposed Expert Testimony of Valerie B. Cooper pursuant to Federal Rules of Evidence 702 and 403. Pursuant to Rule CV-7, counsel for the parties conferred in good faith but were unable to agree on the exclusion of Ms. Cooper's testimony.

### BACKGROUND

As plaintiff in this copyright infringement action, Cat and Dogma, LLC ("C&D") has the burden to "establish (1) ownership of a valid copyright; (2) factual copying; and (3) substantial similarity." *See Cat & Dogma, LLC v. Target Corp.*, No. 20-50674, 2021 WL 4726593, at *2 (5th Cir. Oct. 8, 2021) (quoting *Nola Spice Designs, L.L.C. v. Haydel Enterprises, Inc.,* 783 F.3d 527, 549 (5th Cir. 2015)).

To assist in meeting its burden, C&D intends to offer the expert testimony of Valerie B. Cooper. Ms. Cooper's main opinions—mainly that the C&D designs are original and copyrightable, that Target accessed and copied them, and that the parties' designs are highly similar—are largely the same as those offered by C&D expert Frances Harder. *See* Dkt. 62 at 1-2. Here, Ms. Cooper offers the following opinions:

**Motion to Exclude Testimony of Valerie B. Cooper**

1) the C&D designs are "original in their expression because of the artistic choices made which create an impression that is unique to C&D's registered designs[;]"

2) Target "had prior knowledge of the market performance of C&D's 'I love you' designs" and "modified C&D's designs just enough to maintain the two second first impression rule[;]" and

3) "A simple visual side-by-side comparison" between the parties' designs "reveals that the designs are virtually identical."

Ex. A at 8, 10, 14.

Ms. Cooper is the principal of Heart Hunters Consulting and a product development consultant with experience relating to the garment industry. Ex. G at 6:9-23; Ex A at Ex. B. She has an associate's degree in fashion merchandising from the Fashion Institute of Design and Merchandising and has taught as an instructor in the apparel studies program at the University of Arkansas, Fayetteville. Ex. A at Ex. B. However, Ms. Cooper has no experience working for a "big box" retailer and last worked for a department store, Bullock's, in 1978 as an executive trainee. Ex. G at 32:21-33:2; Ex. A at 9, Ex. B.

As with the report of Ms. Harder, Ms. Cooper's report was produced on May 2, 2022 prior to any depositions and as such did not incorporate any related testimony. *See* Ex. A at 1, Dkt. 62 at 2. However, at deposition Ms. Cooper stated she had reviewed the depositions of Target senior designers Colleen Bringle, Elisa McBride, and Sarah Platner, as well as the depositions of Target buyer Sarah Barnett and Cat & Dogma CEO Adrian Layne. Ex. G at 8:16-9:12.

## LEGAL STANDARD

Under Federal Rule of Evidence 702, a witness qualified as an expert may testify if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient

facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case."

Fed.R.Evid. 702 "imposes a special obligation upon a trial judge to ensure that scientific testimony is not only relevant, but reliable." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 137, 119 S. Ct. 1167, 1169, 143 L. Ed. 2d 238 (1999) (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589, 113 S.Ct. 2786, 125 L.Ed.2d 469). The expert testimony "must be relevant, not simply in the sense that all testimony must be relevant, Fed.R.Evid. 402, but also in the sense that the expert's proposed opinion would assist the trier of fact to understand or determine a fact in issue." *Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581, 584 (5th Cir. 2003). The expert testimony must also be grounded in "more than subjective belief or unsupported speculation." *Daubert* at 590, 113 S. Ct. 2786. When a witness "relies solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." Fed. R. Evid. 702 advisory committee's notes (2000 amendments). This is because the "[t]he trial court's gatekeeping function requires more than simply 'taking the expert's word for it.'" *Id.* (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 43 F.3d 1311, 1319 (9th Cir. 1995)) ("We've been presented with only the experts' qualifications, their conclusions and their assurances of reliability. Under *Daubert*, that's not enough.").

Fed.R.Evid. 403 additionally allows a court to exclude relevant evidence if its probative value is "substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The Fifth Circuit "discourage[s] attorneys from parading additional

experts before the court in the hope that the added testimony will improve on some element of the testimony by the principal expert." *Leefe v. Air Logistics, Inc.*, 876 F.2d 409, 411 (5th Cir. 1989).

## ARGUMENT

**I. Cooper's Opinion on the Originality of Cat & Dogma's Designs Is Irrelevant and Applies an Incorrect Standard of Copyright Law**

The first element of plaintiff's claim – ownership of a valid copyright, "is shown by proof of originality and copyrightability in the work as a whole and by compliance with applicable statutory formalities." *Cat & Dogma, LLC,* 2021 WL 4726593, at *2 (quoting *Eng'g Dynamics, Inc. v. Structural Software, Inc.*, 26 F.3d 1335,1340 (5th Cir. 1994)). Originality is a fundamental (indeed, a constitutional) requirement of copyright. *Feist Publications v. Rural Telephone Service Co.*, 499 U.S. 340, 346 (1991).  To be original and therefore copyrightable, a work must be original to the author – meaning it was the result of "independent creation" – and must evidence a "modicum of creativity." *Id.  See also id.*, at 345 ("Originality does not signify novelty; a work may be original even though it closely resembles other works so long as the similarity is fortuitous, not the result of copying.")

Ms. Cooper's testimony on originality should be excluded as it improperly offers legal conclusions that are themselves misstatements of the law. First, Ms. Cooper points to "legal research" she undertook in reaching the decision that C&D's designs are copyrightable and original, citing to a Second Circuit decision she found online. Ex. A at 7 (citing *Folio Impressions, Inc. v. Byer California*, 937 F.2d 759 (2d Circ. 1991)).  As with Ms. Harder, *see* Dkt. 62 at 5, even if expert testimony was permissible on the legal conclusion that C&D's works are original within the meaning of copyright law (*cf. C.P. Ints., Inc. v. California Pools, Inc.*, 238

4

F.3d 690, 697 (5th Cir. 2001)), Ms. Cooper lacks the qualifications and background to do so. She is not a lawyer and her background largely includes experience relating to garment manufacturing and sourcing. Ex. G at 36:11-13; Ex. A at Ex. B.

Ms. Cooper next goes on to state that the Cat & Dogma designs are "original in their expression because of the artistic choices made which create an impression that is unique to C&D's registered designs." Ex. A at 8. This artistic choice, "particularly when displayed in the context of baby garments, evokes an emotional response and sentimental feeling that certainly resonates among parents or families of the children who wear C&D's garments." *Id.* However, the emotions and feelings invoked in response by a particular work are not germane to the question of originality under copyright law, which is instead concerned with whether the work was independently created and possesses a minimal level of creativity. *See Feist*, *supra*, at 345.

To that end, Ms. Cooper did not discuss the actual creation of the Cat & Dogma designs in her report. Instead, at her deposition Cooper stated that she had not been asked to review what garments were available prior to Cat & Dogma creating its own design but that to the "best of my knowledge and from what I've been told, there hasn't been." Ex. G at 50:4-11; *see also* Ex. A at 2 ("I have not been asked to verify the accuracy of any information provided to me"). As Ms. Cooper's testimony attempts to reach improper conclusions of law by applying an incorrect standard of originality and otherwise does not assist the fact finder, it should be excluded.

## II. Cooper's Opinion Target had Access to and Copied Cat & Dogma's Designs is Unreliable and Unhelpful to the Finder of Fact

Ms. Cooper's expert opinion on Target's access to Cat & Dogma's designs, as well as the wide availability of said designs, is highly similar to the opinion offered by Ms. Harder. *See* Ex.

A at 9-13, Dkt. 62-2 at 12-16. As it makes similarly unreliable allegations divorced from the record or any clear methodology, it should likewise be excluded.

Access is relevant in this case because there is no direct evidence of copying, requiring C&D to establish the second element of its claim, factual copying, with circumstantial evidence. "To make out a circumstantial claim, a plaintiff must prove that (1) the defendant had access to the copyright work before the creation of the infringing work and (2) that the works contain similarities that are probative of copying." *Armour v. Knowles*, 512 F.3d 147, 153 (5th Cir. 2007). To establish access, a plaintiff must show the creator of the allegedly infringing work "had a reasonable opportunity to view the copyrighted work" beforehand; a "bare possibility will not suffice; neither will a finding of access based on speculation or conjecture." *Id.* (quoting *Peel & Co. v. The Rug Market*, 238 F.3d 391, 394–95 (5th Cir.2001).

To opine that Target accessed Cat & Dogma's designs, Ms. Cooper quotes a Wikipedia entry claiming that "[b]uyers make the most decisions by relying on their two-second first impressions based on stored memories, images and feelings." Ex. A at 10. Attributed this quote to author Malcolm Gladwell, Cooper claims the "two second rule" "has become the industry standard in modern internet marketing." Ex. A at 10. "Based on the two second rule," Cooper claims, "Target sought to design its garments in virtually identical manner to C&D's in order [to] evoke the same impression upon consumers as C&D's designs. With aforethought and plain intent, Target modified C&D's designs just enough to maintain the two second first impression rule." Ex. A at 10.

Cooper does not and cannot cite to any document or testimony showing that Target was aware of Cat & Dogma or its designs, much less that it applied any "two second rule" to imitate its designs. Cooper's testimony on such a supposed rule, based on an unattached Wikipedia

6

entry, is highly unreliable: various courts around the country, including the Fifth Circuit, have been heavily critical of reliance on the anonymously-edited website as a source of authority. *See Bing Shun Li v. Holder*, 400 F. App'x 854, 858 (5th Cir. 2010) (expressing disapproval of immigration court's reliance on Wikipedia); *Advanced Mech. Servs., Inc. v. Auto-Owners Ins. Co.*, No. 3:14-CV-388-DJH-CHL, 2017 WL 3381366, at *4–5 (W.D. Ky. Aug. 4, 2017) (excluding as unreliable expert opinion relying on unattached Wikipedia article); *United States v. Lawson*, 677 F.3d 629, 650 (4th Cir. 2012) (noting Wikipedia can be edited by anyone with Internet access) (listing cases criticizing reliance on Wikipedia).

The other claims in Ms. Cooper's report regarding Target's intent and access likewise float a number of scenarios that are reflected nowhere in the record: Target could track "hot" Cat & Dogma products in the market using a vendor she identified as "Panjiva;" Target sent members to trade shows where they viewed C&D's designs; Target saw C&D's designs somewhere online; Target discovered C&D by using "intelligence-based software" to scan the internet for popular products. Ex. A at 11-13. None of these theories is supported by anything beyond Ms. Cooper's "professional knowledge of how the garment industry operates," (Ex. A at 11), knowledge that lacks any grounding in having worked for or studied how big box retailers operate their design operations. Ex. G at 32:21-34:6.

In her deposition, Ms. Cooper added another theory that Target senior designer Colleen Bringle, who testified that she wrote out Target's "i love you" lettering, "probably…saw a Pinterest representation of Cat & Dogma's art that [Elisa] McBride had put in the mood board" and "wittingly or not wittingly" used it as inspiration. Ex. G at 14:3-15:5; Bringle Depo. at 21:2-23:13; P40. Ms. Cooper theorized that Ms. Bringle was likely "imprinted with the Cat & Dogma [design]" from reviewing the mood boards, which she claimed included the actual Cat & Dogma

design at issue. Ex. G at 17:5-18:17, D47. However, neither Bringle nor McBride consulted Cat & Dogma's design and the face of the mood board documents clearly show, among other unrelated products, third-party infant garments with a design that consists of the scripted phrases "love you too cute" and "a smile that shines" in alternating rows. Ex. B at 64:6-65:4, 96:19-100:10, 104:1-16; Ex. C at 20:22-23:13; 25:10-26:14; 42:23-44:20; *compare also* Exs. D, E *with* Ex. F.

Ms. Cooper was also unable to substantiate her claims that C&D's designs were widely available, claims that largely mirror those made in the Harder Report. *See* Ex. A at 13; Dkt. 62-2 at 12. Although her report claimed that Target had a practice of determining what was "[h]ot" in the market and "intentionally copies the pre-existing designs in order to capitalize on their proven success," Ms. Cooper admitted she had no knowledge of Target's practices and defined successful sales and "hot designs" as not actual sales but anything "people are actually clicking on[.]" Ex. G at 21:16-22:8, 57:19-58:23. Even given this low bar, Ms. Cooper was unaware of Cat & Dogma's "clicks." Ex. G at 64:4-9. Instead, her opinion, similar to Ms. Harder's, largely amounted to the fact Cat & Dogma's designs were available on the Internet. Ex. G at 88:19-89:4; Dkt. 63-3 at 8:18. It is equally unhelpful to the finder of fact. *See Cain v. Hallmark Cards, Inc.*, 2016 WL 3189231, at *5 (M.D. La. June 6, 2016) (noting courts "have consistently refused to treat internet publication alone as sufficient" to establish reasonable possibility of access). Ms. Cooper's unsupported testimony on Target's access and the availability of C&D's designs should thus be excluded.

**III.     Cooper's "Forensic Analysis" Consists of the Side-By-Side Observation Reserved for the Factfinder**

Ms. Cooper's third opinion consists of a "forensic analysis" of the parties' designs that concludes they are "virtually identical." Ex. A at 14.

This opinion should also be excluded as it is the role of the factfinder to conduct a side-by-side comparison in order in order "to determine whether a layman would view the two works as substantially similar." *See Cat & Dogma, LLC v. Target Corp.*, No. 20-50674, 2021 WL 4726593, at *3 (5th Cir. Oct. 8, 2021) (quoting *Nola Spice Designs, L.L.C. v. Haydel Enterprises, Inc.,* 783 F.3d 527, 550 (5th Cir. 2015)). Expert testimony, then, "should be excluded if the court finds that 'the jury could adeptly assess [the] situation using only their common experience and knowledge." *See, e.g., Bouton v. Kim Susan, Inc.*, No. CIV.A. 96-902, 1997 WL 61450, at *2 (E.D. La. Feb. 6, 1997) (quoting *Peters v. Five Star Marine Service*, 898 F.2d 448, 450 (5th Cir. 1990)). While exceptions may arise in cases involving copyrights in complex software code or those involving intended audiences other than ordinary lay people, courts in copyright cases have routinely held that "[e]xperts may not provide opinions related to substantial similarity because it is evaluated using a 'layperson' standard." *See Interplan Architects, Inc. v. C.L. Thomas, Inc.*, 2010 WL 4065465, at *10 (S.D. Tex. Oct. 9, 2010). *See also Rottlund Co. v. Pinnacle Corp.*, 452 F.3d 726, 732 (8th Cir. 2006) (expert opinion inadmissible to prove similarity of expression); *Bruemmer v. Reardon*, 2013 WL 12123372, at *2 (W.D. Mich. Feb. 8, 2013) (because customers are lay people, jury can determine without assistance of expert witnesses; "experts will not be permitted to testify to the ultimate issue of substantial similarity."); *Sturdza v. United Arab Emirates*, 989 F. Supp. 2d 96, 103 (D.D.C. 2013) (excluding expert opinion on substantial similarity where jury could decide "according to the perception of an ordinary observer"). Ms. Cooper's testimony is particularly unnecessary to the factfinder here where it repeatedly uses the description "virtually identical" beyond any

9

commonly understood meaning of the term, such as in a comparison between the numbers 32 and 40. *See* Ex. A at 18-19 (comparing horizontal lines on parties' garments").

Because Ms. Cooper's opinions on similarities of the parties' respective designs will not help the trier of fact, it should be excluded.

## CONCLUSION

For the reasons set forth above, Target respectfully requests that the Court exclude the proposed expert testimony of Valerie B. Cooper.

Dated: July 11, 2022

                                                                Respectfully submitted,

                                                                */s/  David F. Gomez*

                                                                James R. Steffen (admitted *pro hac vice*)
                                                                james.steffen@faegredrinker.com
                                                                MN Bar No. 0204717
                                                                David F. Gomez (admitted *pro hac vice*)
                                                                david.gomez@faegredrinker.com
                                                                MN Bar No. 0401234
                                                                **Faegre Drinker Biddle & Reath LLP**
                                                                2200 Wells Fargo Center
                                                                90 South Seventh Street
                                                                Minneapolis, MN 55402
                                                                Telephone: (612)-766-7000
                                                                Fax: (612)-766-1600

                                                                Deborah G. Clark
                                                                deborah@clarkandclarklaw.com
                                                                State Bar No. 04276550
                                                                **CLARK & CLARK**
                                                                *A Division of Clark Legal Services, PLLC*
                                                                3624 North Hills Drive, Suite 205-A
                                                                Austin, Texas 78731
                                                                Telephone: (512) 241-1800
                                                                Fax: (512) 241-1760

                                                                *Counsel for Target Corporation*

**Certificate of Service**

    I hereby certify that the above and foregoing **Defendant Target Corporation's Opposed Motion to Exclude Proposed Expert Testimony of Valerie B. Cooper** was served on counsel of record for the plaintiff by electronic means on July 11, 2022.

                                                  */s/ Theresa M. Tischer*
                                                  Theresa M. Tischer