IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| CAT AND DOGMA LLC,<br>　　　　PLAINTIFF,<br><br>V.<br><br>TARGET CORPORATION,<br>　　　　DEFENDANT. | §<br>§<br>§<br>§<br>§ 　CAUSE NO. 1:19-cv-1002-LY<br>§<br>§<br>§ |

## ORDER DENYING RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW

Before the court in the above-referenced cause is Defendant Target Corporation's ("Target") Renewed Motion for Judgment as a Matter of Law (Doc. #170), Plaintiff Cat and Dogma LLC's ("Cat and Dogma") response (Doc. #174), and Target's reply (Doc. #175). Having considered the briefing, evidence presented at trial, and applicable law, the court will deny Target's motion.

*Background*

The court empaneled a jury and called this case for trial on December 12, 2022. At trial, Cat and Dogma asserted copyright-infringement claims against Target for two children's clothing designs bearing registration numbers VA 2-172-249 and VA 2-177-819 (the "Designs"). Cat and Dogma rested its case on December 13, 2022, and Target moved for judgment as a matter of law. *See* FED. R. CIV. P. 50(a) (authorizing court to grant judgment as matter of law when "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue"). The court denied Target's motion. On December 16, 2022, the jury returned a verdict in Cat and Dogma's favor, awarding Cat and Dogma $1,000,000 for gross revenue attributable to Target's infringement of the Designs. The court rendered final judgment on December 27, 2022 (Doc. #158). Target now renews its motion for judgment as a matter of law.

*Standard*

In an action tried by a jury, a motion for judgment as a matter of law is a challenge to the legal sufficiency of the evidence supporting the jury's verdict. *Harrington v. Harris*, 118 F.3d 359, 367 (5th Cir. 1997). Judgment as a matter of law is appropriate against a party if that party "has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." FED. R. CIV. P. 50(a)(1). Courts use the same standard to evaluate a motion for judgement as a matter of law under Rule 50(a) and a renewed motion for judgment as a matter of law under Rule 50(b). *Foradori v. Harris*, 523 F.3d 477, 485 n.8 (5th Cir. 2008).

The court may grant a renewed motion for judgment as a matter of law only when "the facts and inferences point so strongly in favor of the movant that a rational jury could not reach a contrary verdict." *Bryant v. Compass Grp. USA Inc.*, 413 F.3d 471, 475 (5th Cir. 2005) (quoting *Thomas v. Texas Dep't of Crim. Just.*, 220 F.3d 389, 392 (5th Cir. 2000)). The court must examine the evidence as a whole and draw all inferences in favor of the non-moving party. *MultiPlan, Inc. v. Holland*, 937 F.3d 487, 494 (5th Cir. 2019). The court "may not make credibility determinations or weigh the evidence, as those are jury functions." *Mays v. Chevron Pipe Line Co.*, 968 F.3d 442, 447 (5th Cir. 2020) (quoting *N. Cypress Med. Ctr. Operating Co., Ltd. v. Aetna Life Ins. Co.*, 898 F.3d 461, 473 (5th Cir. 2018)). If a jury verdict has been rendered, the court must be "especially deferential" to the verdict. *Id.*

*Analysis*

Target provides five arguments in support of the renewed motion: (1) Cat and Dogma did not comply with the statutory formalities of the Copyright Act of 1976 when registering the Designs; (2) Cat and Dogma did not produce evidence to support the element of factual copying;

2

(3) Cat and Dogma did not produce evidence rebutting Target's defense of independent creation; (4) Cat and Dogma did not produce evidence to support substantial similarity; and (5) Cat and Dogma did not produce evidence to support originality. The court will address each argument in turn.

*1. Compliance with statutory formalities*

First, Target argues that insufficient evidence exists to support the jury's determination that Cat and Dogma complied with the Copyright Act's formalities in registering the Designs. Specifically, Target contends that Cat and Dogma failed to submit "complete copies" of its copyrighted works to the United States Copyright Office. *See* 17 U.S.C. § 408(b) (describing "deposit[s]" required for copyright registrations).[1]

Under the Copyright Act, "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made." 17 U.S.C. § 411(a). Valid registration requires the owner of a work to submit one or two "complete cop[ies]" of the copyrighted work with the Copyright Office. *See* 17 U.S.C. § 408(b). While the Act itself does not describe what constitutes a "complete copy" of any given work, courts have determined that a "complete copy" requires something more than a "reconstruction." *See, e.g., Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1211 (9th Cir. 1998) ("the registration deposit requirement permits '*bona fide* copies of the original work only' . . . . [w]e have not expressly defined the characteristics of '*bona fide* copies,' but have distinguished them from 'reconstructions.'"); *Torres-Negron v. J & N Recs., LLC*, 504 F.3d 151, 163–64 (1st Cir. 2007)

---

[1] Target relied on substantially similar arguments in moving for summary judgment on Cat and Dogma's copyright claims. The court denied Target's motion, ruling that a genuine issue of material fact existed as to whether Cat and Dogma submitted statutorily compliant copies of the Designs when registering the copyrights (Doc. #88).

3

("[A] reconstruction, created without first-hand access to the original, cannot constitute a 'copy' sufficient to satisfy the deposit copy requirement"); *Geoscan, Inc. of Tex. v. Geotrace Techs., Inc.*, 226 F.3d 387, 393 (5th Cir. 2000) (incomplete, later versions of source code did not constitute "complete copy" of original source code for purposes of copyright registration).

Target argues that the deposit copies of the Designs that Cat and Dogma submitted to the Copyright Office involved "difference[s] in format" and "difference[s] in text placement" when compared to the original Designs. Cat and Dogma responds that Target had the burden to rebut the presumption of validity accorded to Cat and Dogma's registration certificates and that Target failed to carry this burden. *See Cat & Dogma, LLC v. Target Corp.*, No. 20-50674, 2021 WL 4726593, at *2 (5th Cir. Oct. 8, 2021) ("A certificate of registration, if timely obtained, is *prima facie* evidence both that a copyright is valid and that the registrant owns the copyright."). Cat and Dogma further argues that legally sufficient evidence exists for the jury to find that Cat and Dogma's deposit copies complied with the Copyright Act.

The court agrees with Cat and Dogma that there is legally sufficient evidence to support the jury's determination that Cat and Dogma complied with the Copyright Act's statutory formalities. The jury was presented with evidence of Cat and Dogma's registration certificates, along with the certified deposit copies from the Copyright Office. The parties presented photographic evidence of Cat and Dogma's original Designs, as well as the physical garments. The jury heard testimony on how Cat and Dogma created the Designs and the deposit copies. The court's charge outlined the applicable law for the jury's consideration. Having reviewed the trial proceedings, court finds sufficient evidence exists to support jury's determination that Cat and Dogma complied with the Copyright Act's formalities in registering the Designs.

*2. Factual copying*

Second, Target argues that insufficient evidence exists to support the jury's determination that Target in fact copied Cat and Dogma's Designs. "As direct evidence of copying is rarely available, factual copying may be inferred from (1) proof that the defendant had access to the copyrighted work prior to creation of the infringing work and (2) probative similarity." *Peel & Co. v. The Rug Mkt.*, 238 F.3d 391, 394 (5th Cir. 2001). Alternatively, "[i]f the two works are so strikingly similar as to preclude the possibility of independent creation, 'copying' may be proved without a showing of access." *Id.* at 395.

Target argues that the jury lacked sufficient evidence to support a finding of Target's access to the Designs or that Target's products are strikingly similar to the Designs. Cat and Dogma responds that the jury was presented with sufficient evidence to conclude that the works are strikingly similar or, alternatively, that Target had access to Cat and Dogma's Designs and the works are probatively similar. The court's charge instructed the jury on the two avenues for finding factual copying. The verdict form asked if "Target in fact copied the Designs." Having reviewed the trial proceedings and evidence referenced in briefing, the court finds sufficient evidence exists to support the jury's determination that Target in fact copied Cat and Dogma's designs.

*3. Independent creation*

Third, Target argues that it presented "extensive, compelling, and conclusive evidence of independent creation that went unrebutted." The court understands Target to argue that because it presented evidence on independent creation—a defense to factual copying—no legally sufficient evidentiary basis exists for the jury to determine that Target in fact copied Cat and Dogma's

5

Designs. Cat and Dogma responds that the jury properly rejected Target's independent-creation defense.

The jury heard testimony from Target's designers, Cat and Dogma's founder, and several experts in the fashion industry. The court's charge presented the jury with instructions on the independent-creation defense. The jury, not the court, weighs the evidence and assesses the credibility of witnesses. *Gomez v. St. Jude Med. Daig Div. Inc.*, 442 F.3d 919, 927 (5th Cir. 2006) ("In evaluating the Rule 50 motion, the district court cannot assess the credibility of witnesses or weigh the evidence."). Having reviewed the trial proceedings and the evidence referenced in briefing, the court finds sufficient evidence exists to support the jury's rejection of Target's independent-creation defense.

### 4. Substantial similarity

Fourth, Target argues that the jury lacked sufficient evidence to determine that Target's products are substantially similar to Cat and Dogma's Designs. Specifically, Target argues that Cat and Dogma's Designs are comprised of unprotectable elements. Alternatively, Target argues that even if the selection and arrangement of these elements is protectable, the evidence of substantial similarity presented to the jury was "so weak and incomparable" that the court should decide the issue as a matter of law. Cat and Dogma responds that the jury had sufficient evidence to conduct a side-by-side comparison of Target's products and Cat and Dogma's Designs pursuant to the filtering analysis outlined in the court's charge.

The court agrees with Cat and Dogma that sufficient evidence exists to support the jury's determination that Target's products are substantially similar to Cat and Dogma's Designs. When the Fifth Circuit first reviewed this case, it determined that "a reasonable jury could find the designs to be substantially similar based solely upon the similarity of the selection and arrangement

of the underlying elements." *Cat & Dogma*, 2021 WL 4726593, at *4. Having reviewed the trial proceedings, the court finds sufficient evidence exists to support the jury's determination that the Designs are protectable and that Target's products are substantially similar to the Designs.

5. *Originality*

Finally, Target argues that the jury lacked sufficient evidence to determine that the Designs involve the requisite level of originality to warrant copyright protection. Cat and Dogma responds that the registration certificates and certified deposit copies create a rebuttable presumption of originality, which Target failed to rebut. Cat and Dogma further argues that substantial evidence exists to support the jury's determination that the Designs are sufficiently original. Having reviewed the trial proceedings, the court finds substantial evidence exists to support the jury's determination that the Designs involved the requisite level of originality to warrant copyright protection.

**Conclusion**

Having addressed each of Target's arguments for the renewed motion for judgment as a matter of law, the court concludes that the evidence presented at trial, when examined as a whole, supports the jury's verdict in this case. *See Mays*, 968 F.3d at 447 ("Where a jury verdict has been rendered, [courts] are 'especially deferential' to the verdict."). Accordingly,

**IT IS ORDERED** that Defendant Target Corporation's Renewed Motion for Judgment as a Matter of Law (Doc. #170) is **DENIED**.

SIGNED this _14th_ day of April, 2023.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE

7